# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KAREN BECKLEY, | ) |
| | ) |
| Plaintiff, | ) No. 4:17-CV-1369 RLW |
| | ) |
| v. | ) |
| | ) |
| ST. LUKE'S EPISCOPAL-PRESBYTERIAN | ) |
| HOSPITALS d/b/a ST. LUKE'S HOSPITAL, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court Defendant's Bill of Costs. (ECF No. 46). This matter is fully briefed and ready for disposition.

## BACKGROUND

On May 31, 2018, this Court granted summary judgment in favor of Defendant on all of Plaintiff's claims. (ECF No. 44-45). On June 19, 2018, Defendant filed its Bill of Costs, seeking $1,658.35 in costs for litigating this matter. (ECF No. 46). On July 3, 2018, Plaintiff filed her Memorandum in Opposition to Defendant's Bill of Costs. (ECF No. 48). On July 9, 2018, Plaintiff filed her Notice of Appeal with the Eighth Circuit Court of Appeals ("Eighth Circuit"). (ECF No. 51). On May 16, 2019, the Eighth Circuit issued its Opinion and Judgment, affirming the decision of the District Court. (ECF Nos. 57, 58). On June 10, 2019, the Eighth Circuit issued its Mandate.

## STANDARD OF REVIEW

Costs, other than attorneys' fees, "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d); *see also* 28 U.S.C. § 1920 (enumerating costs that are recoverable).[1] "Federal courts are bound by the limitations set out in section 1920." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 957 (8th Cir. 2007) (citations omitted). Although there is a presumption that the prevailing party is entitled to its costs, the district court has "substantial discretion" in awarding costs. *Marmo v. Tyson Fresh Meats*, 457 F.3d 748, 762 (8th Cir. 2006) (citing *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000)); *Bathke v. Casey's Gen. Stores*, 64 F.3d 340, 347 (8th Cir. 1995). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'" *168th & Dodge, LP*, 501 F.3d at 958 (quoting *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005)).

## DISCUSSION

Defendant's Bill of Costs requests $400 for the filing fee paid to the Court when Defendant removed this action. Defendant also seeks $1258.35 for deposition costs incurred during the deposition of Plaintiff Beckley. (ECF No. 46).

---

[1] 28 U.S.C. § 1920 provides:
A judge or clerk of any court of the United States may tax as costs the following:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Plaintiff asks the Court to exercise its discretion and deny Defendant's Bill of Costs. (ECF No. 48 at 2). Plaintiff argues that she will be faced with "severe financial hardship" if the Court awards costs to Defendant. (ECF No. 48 at 2). Plaintiff further claims that it would be "manifestly unfair to burden Plaintiff with costs after she brought claims to vindicate her rights under the Family and Medical Leave Act ['FMLA']." (ECF No. 48 at 2).

Plaintiff provided no evidence she will suffer severe financial hardship if the Court awards costs to Defendant. *Cf. Two Palms Software, Inc. v. Worldwide Freight Mgmt. LLC*, No. 4:10-CV-1045 CEJ, 2012 WL 6608611, at *2 (E.D. Mo. Dec. 18, 2012) ("Plaintiff Tomlinson provided the Court with an affidavit detailing his finances. He argues that taxing costs against him would force him into bankruptcy."). Without any evidence of Plaintiff's alleged financial troubles, the Court has no basis to evaluate Plaintiff's ability to pay. Therefore, the Court "finds [Plaintiff's] argument insufficient to overcome the presumption that costs should be taxed." *Two Palms Software, Inc.*, 2012 WL 6608611, at *2 (noting that "Defendants have requested an amount of $3,450.59, a sum not likely to severely exacerbate Tomlinson's troubles"). Moreover, Plaintiff has not explained why an award of costs in an FMLA case would be manifestly unfair. The Court notes that Congress could have exempted FMLA actions from the imposition of costs, but did not. Therefore, the Court holds that an award of costs is justified in this case.

The Court holds that Defendant is entitled to the $400.00 requested for filing fees, which is permitted under the statute. 28 U.S.C. §1920. Defendant also seeks $1,658.35 for deposition costs. A district court has discretion to award costs if the deposition was "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). The Court holds that Plaintiff's deposition was necessarily incurred because it was used in support of Defendant's Motion for Summary Judgment. The Court awards

Defendant the cost of taking Plaintiff's deposition and the deposition transcript in the amount of $1238.35. However, the Court holds that Section 1920 does not authorize taxing Plaintiff for the e-transcript and delivery expenses in the amount of $32.00. *See Smith*, 436 F.3d at 889; *Cleveland v. North Am. Van Lines, Inc.,* 154 F.R.D. 37, 38 (N.D.N.Y. 1994)(finding deposition costs recoverable but associated delivery costs not recoverable). The Court taxes Plaintiff for her deposition in the amount of $1,238.35.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Bill of Costs (ECF No. 46) is **GRANTED,** in part, and **DENIED,** in part.

**IT IS FURTHER ORDERED** that costs are taxed against Plaintiff Karen Beckley in the amount of **$1,638.35**.

Dated this 11th day of June, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**